**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4730**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FERNANDO ALEXANDER SETTLES,

Defendant – Appellant.

_____

**No. 09-4752**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WINSTON CHARLES MACK,

Defendant – Appellant.

_____

Appeals from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:08-cr-00348-WDQ-4; 1:08-cr-00348-WDQ-3)

_____

Submitted: January 10, 2011      Decided: January 20, 2011

_____

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

———————————

Steven H. Levin, LEVIN & GALLAGHER LLC, Baltimore, Maryland; Timothy J. Sullivan, Brett J. Cook, BRENNAN SULLIVAN & MCKENNA LLP, Greenbelt, Maryland, for Appellants. Christopher John Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2009, Fernando Alexander Settles, Winston Charles Mack, and three other co-defendants were charged in a five-count superseding indictment. Settles and Mack were each charged with conspiracy to distribute 500 grams or more of cocaine hydrochloride and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count One). Settles was also charged with possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count Three). The Government filed notice that Settles faced an enhanced penalty pursuant to 21 U.S.C.A. §§ 841(b)(1)(A), 851 (West 1999 & Supp. 2010), based on a prior felony drug conviction. Mack also faced a charge of possession with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Five). Settles and Mack pleaded not guilty and were convicted following a jury trial. Settles was sentenced to the 240-month mandatory statutory minimum and Mack was sentenced to 136 months' imprisonment, the middle of his U.S. Sentencing Guidelines Manual ("USSG") (2008) range. Finding no reversible error, we affirm.

In this consolidated appeal, counsel for Settles and counsel for Mack have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but asking us to review, first,

whether Settles received ineffective assistance of counsel where trial counsel failed to subpoena a witness; second, whether the district court erred in imposing a mandatory minimum sentence based on Settles' prior convictions; and third, whether Mack's decision to release counsel at sentencing was voluntarily made.

At his sentencing hearing, Settles stated that he had requested that trial counsel subpoena Gregory Sellers to testify in his defense, but that counsel refused to do so. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We conclude that ineffective assistance does not appear conclusively on this record. In order to allow for the adequate development of the record, Settles must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

Turning to Settles' sentence, we conclude that the district court did not err in imposing the mandatory minimum sentence pursuant to 21 U.S.C.A. § 841(b)(1)(A). Settles argues that the prior conviction used to enhance his sentence was improper because it occurred during the course of the conspiracy charged in Count One. However, even if Settles' conviction was considered to be part of the charged conspiracy, the twenty-year

4

mandatory minimum would still apply. "When a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final." United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006).

Next, counsel asks this court to review whether Mack's release of counsel at sentencing was intelligently and voluntarily made. We find that it was. We review the waiver of the right to counsel by examining the record as a whole, including "the complete profile of the defendant and the circumstances of his decision." United States v. Bush, 404 F.3d 263, 270 (4th Cir. 2005). "A refusal without good cause to proceed with able appointed counsel is a voluntary waiver." United States v. Gallop, 838 F.2d 105, 109 (4th Cir. 1988) (internal quotation marks omitted); see United States v. McQueen, 445 F.3d 757, 760-61 (4th Cir. 2006) ("[i]t is not a denial of the right to counsel to refuse to indulge the defendant's transparent attempts at manipulation by requesting an attorney on the day of trial."). Given that Mack's decision to relieve counsel was made at the sentencing hearing and based on a meritless accusation against counsel, we conclude Mack's conduct constituted a refusal without good cause to proceed with

able appointed counsel and his waiver of right to counsel was therefore intelligently and voluntarily made.

We have thoroughly examined the pro se issues raised by Settles and Mack, and find them without merit. In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm both Settles' and Mack's convictions and sentences. We deny Mack's motion to substitute counsel.

This court requires that Settles' and Mack's counsel each inform them, in writing, of the right to petition the Supreme Court of the United States for further review. If Settles or Mack requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED